## Richmond.

# NEW YORK, PHILADELPHIA AND NORFOLK RAILROAD CO.

### v.

### THOMAS AND ANOTHER.

#### FEBRUARY 20, 1896.

1. INSTRUCTIONS—*Evidence to Support—Instruction on Part of Facts.*—If there is any evidence tending to prove a material fact in a case, the party in whose favor it is has the right, without regard to the amount of the evidence, to have the court instruct the jury as to the law arising upon the fact or facts which the evidence tends to prove, and leave them to find whether or not the evidence is sufficient to establish the fact it was introduced to prove. But an instruction which singles out certain facts which a part only of the evidence tends to prove, and ignores all the other facts which the remainder of the evidence tends to prove, and which are equally important in leading the jury to a correct conclusion, is misleading and should not be given.

2. RAILROADS—*Negligence—Combustible Matter on Right of Way.*—It is negligence on the part of a railroad company to permit combustible matter to accumulate on its right of way, where it is liable to be easily ignited from its passing engines, and thus communicated to the property of adjacent proprietors; and, if such adjacent proprietor sustain damages from fire thus communicated, the company is liable therefor.

3. INSTRUCTIONS—*How Interpreted—Objections in Appellate Court.*—Instructions are to be interpreted in the light of the evidence in the case, and it is not to be presumed that the jury considered other evidence not introduced in the cause. If the instruction was applicable to evidence introduced in the trial court without exception, an objection to the instruction solely on the ground that there was no relevant evidence to support it cannot be made for the first time in the appellate court.

4. RAILROADS—*Damage by Communicated Fires—Other Fires—Negligence or Defective Machinery.*—In an action to recover damages of a rail-

Opinion.

road company resulting from fires communicated by its engines, where evidence has been received, without objection, of other fires communicated by the engines of said company prior and subsequent to the fire in question, it is not error to instruct the jury that they may consider such evidence for the purpose of determining whether or not there was negligence on the part of the company's employees, or defects in its engines, and also for the purpose of showing a negligent habit of the officers and agents of such company.

5. NEGLIGENCE—*Question of Fact.*—Negligence is a question of fact peculiarly within the province of the jury, and, in the case at bar, the verdict of the jury, finding the defendant guilty of negligence, is approved.

Error to a judgment of the Circuit Court of Northampton county, rendered October 20, 1893, in an action of trespass on the case, wherein the defendants in error were the plaintiffs, and the plaintiff in error was the defendant.

*Affirmed.*

The opinion states the case.

*E. J. Spady*, for the plaintiff in error.

*Fletcher & Gunter*, for the defendants in error.

RIELY, J., delivered the opinion of the court.

The first assignment of error relates to the refusal of the court to give instructions numbered 1 and 2, in the form they were asked for by the plaintiff in error, and in giving them with certain amendments.

The instructions as asked for were as follows:

" 1. If the jury believe from the evidence that the woods on the land of the plaintiffs adjoining the railway were ignited by particles of fire that issued from the defendant's engine, and by means thereof the shatters, woods manure, and down timber on said land were consumed, and the growing trees

thereon injured, and stumps and butts of trees upon said wood-
land burnt down into the ground, leaving large and danger-
ous holes in many places in said woodland, this does not of
itself justify the inference of negligence, but the fact of negli-
gence must be established by additional evidence, and the
burden of proof is on the plaintiffs to show it."

" 2. If the jury believe from the evidence that the right of
way of the defendant was as clear of inflammable matter as
it reasonably could be, running through a large body of
woodland, and that the fire was communicated by the defend-
ant's engine to the plaintiffs' woodland and injuring the same,
by first igniting on the defendant's right of way, this of itself
does not establish the fact that the defendant was guilty of
negligence in this case."

The court gave the first instruction with this amendment:

" But the above circumstances are to be considered along
with other circumstances attending said fire, in determining
whether there was negligence or not."

And it amended the second instruction by substituting for
the conclusion, " this of itself does not establish the fact that
the defendant was guilty of negligence in this case," the fol-
lowing : " Then such fact, along with any other facts, if any,
is to be considered in determining whether or not the defend-
ant company was guilty of negligence."

The instructions, in the form they were asked for, were
erroneous in this, that each of them singled out certain facts
which a part only of the evidence tended to prove, and ig-
nored all the other facts which the remainder of the evidence
tended to prove, and were equally important in determining
whether the defendant was guilty of negligence or not, and
announced to the jury that such isolated facts did not in
themselves constitute negligence. A single fact may, but
rarely does, constitute negligence, any more than a single link

makes a chain ; but a number of facts, which, viewed sepa-
rately, would not make out a case of negligence, when con-
sidered together, may establish negligence as clearly as a num-
ber of links, when coupled together, surely form a chain.
It was eminently proper of the court to amend the instruc-
tions asked for by the defendant in the manner it did.

Calling the special attention of the jury to a part only of
the evidence and the particular fact or facts it may tend to
prove, and ignoring the residue of the evidence and the facts
it may tend to prove, gives undue prominence to such recited
evidence, and disposes the jury to regard it and the fact it
tends to prove as the particular evidence, and the fact to be
relied on in determining the issue before them, and thus mis-
leads them.

Instructions in writing are carried by the jury to their room
when they retire to consider of the verdict, and, if they con-
tain a rehearsal of a part only of the evidence, their ten-
dency is to impress unduly on the jury such part of the evi-
dence, to the disadvantage of the other evidence in the case,
which may be equally or more important in determining the
issue, but rests only in the memory of the jury.

The instructions asked for were objectionable and improper,
and the court did not err in refusing to give them as asked
for, and in giving them as amended by it. *Brown* v. *Rice's
Adm'r*, 76 Va. 629, 659; *Seaboard and Roanoke R. R. Co.* v.
*Joyner's Adm'r*, decided at the present term, *ante* p. 354; and
Sackett's Instructions to Juries (2d ed.), 18.

The next error assigned is in regard to instructions num-
bered 2 and 3, given by the court to the jury at the instance
of the plaintiffs, which are as follows :

" 2. The court instructs the jury that although the jury
may believe from the evidence that the defendant's train was
supplied with the most approved apparatus for the prevention
of the emission of sparks, and that said engines were oper-

ated by the most skillful engineers, and that the defendant company did all that skill and science could suggest in the management of its locomotives, yet, if they further believe from the evidence that the company negligently allowed the accumulation of dangerously combustible matter on their right of way, easily to be ignited by fire from its furnaces, and if they further believe from the evidence that said fire, by igniting said combustible matter on the said company's right of way, was thence communicated to the adjacent property of the plaintiffs, then the said defendant company is liable for all the damages resulting to their property by reason of said negligence."

" 3. The court further instructs the jury that if they believe from the evidence that numerous fires have been occasioned along the defendant's road, either prior or subsequent to the 31st day of October, 1892, by sparks issuing from the defendant's locomotives, such facts may be considered by the jury for the purpose of determining whether or not there was negligence on the part of the defendant's employees, or defects in the defendant's engine, and also for the purpose of showing a negligent habit of the officers and agents of the defendant company."

The objection urged against the first of these instructions is that there was no evidence before the jury to which it was applicable; but this contention is refuted by the certificate of evidence. It discloses that there was evidence tending to prove that the fire which destroyed the property of the plaintiffs was burning, when first discovered, bunches of sedge on the right of way of the defendant company; that it extended fifteen feet along the right of way, and that the fire occurred in the fall of the year, during a dry season. This evidence certainly tended, to say the least, to show that the company had been negligent in permitting combustible matter to be on its right of way, in dangerous proximity to fire from its

engines that were daily passing, and that, too, at a time when owing to its dryness it was very inflammable.

When there is any evidence tending to prove a material fact in the case, the party in whose favor it is has the right, without regard to the amount of the evidence, to have the court instruct the jury as to the law arising upon the fact or facts which the evidence tends to prove, and leave to them to find whether or not the evidence is sufficient to establish the fact it was introduced to prove. *Hopkins, Bro. & Co.* v. *Richardson,* 9 Gratt. 485, 496 ; *Farish & Co.* v. *Reigle,* 11 Gratt. 697, 719 ; *Early* v. *Garland,* 13 Gratt. 1 ; *Honesty* v. *Commonwealth,* 81 Va. 283 ; 4 Minor's Inst., Pt. I., 747 ; and Sackett's Instructions to Juries, 18.

The matter of law propounded by the instructions is entirely correct, and is fully sustained by the cases of *R. & D. R. R. Co.* v. *Medley,* 75 Va. 499, and *Brighthope R. R. Co.* v. *Rogers,* 76 Va. 443.

Negligence in a railroad company may arise in many ways, and may consist just as much in negligently permitting combustible matter to accumulate on its right of way, where it is liable to be easily ignited by sparks issuing from its locomotives that are constantly passing, and thereby to communicate fire to the property of adjacent proprietors, as for an injury arising from negligence on the part of its employees, or in not providing proper machinery, or suitable spark-arresters.

The objection urged against the other instruction is that it was broad and comprehensive, in that it did not confine the consideration by the jury of other fires within any reasonable limit, or to any particular engine, but permitted them to consider other fires, however distant in time from the fire complained of.

The certificate of facts discloses that evidence of other fires, prior and subsequent to the fire in question, was admit-

ted on the trial without objection from the plaintiff in error. Its admission not being then objected to, it cannot now be complained of here.

Instructions are to be interpreted in the light of the evidence in the case, and it is not to be presumed that the jury would or did consider other fires, if any there were, of which no evidence had been given before them by the witnesses. Sackett's Instructions to Juries, 24; *Richmond Granite Co.* v. *Bailey,* decided at the present term, *ante* p. 554; and *Brighthope R. R. Co.* v. *Rogers, supra.*

The instruction, when inspected, shows that the jury were limited and specially directed as to the use they were authorized to make of such evidence. They were instructed that they might consider it for " the purpose of determining whether or not there was negligence on the part of the defendant's employees, or defects in the defendant's engine, and also for the purpose of showing a negligent habit of the officers and agents of the defendant company." In this there was no error. In *Brighthope R. R. Co.* v. *Rogers, supra,* Judge Staples, in delivering the opinion of the court, said : " The next error assigned is the admission of testimony on the part of plaintiff tending to show that the defendant's locomotive, on occasions other than that for which the action is brought, had emitted sparks and communicated fire to the property along its track and right of way. We are of opinion that this evidence was relevant and proper for the purpose of showing negligence on the part of the defendant's employees, or it may be defects in the construction of the engine in question." And in *Grand Trunk R. Co.* v. *Richardson,* 91 U. S. 454, where evidence that some of the defendant's locomotives, at various times during the same summer, before the fire in question occurred, had scattered fire when going past the property that was burned, had been admitted over the defendant's objection, the Supreme Court of the United States.

held, Justice Strong delivering the opinion, that such evidence was admissible " as tending to prove the possibility and a consequent probability that some locomotive had caused the fire, and as tending to show a negligent habit of the officers and agents of the railroad company." Surely if such evidence was admissible for these purposes, as the above cited cases clearly decide, and which purposes are precisely the same as those stated in the instruction, it could not be error for the court to instruct the jury, after such evidence had been admitted, and that, too, without objection from the railroad company, that they might *consider* it for such purposes.

The only remaining assignment of error relates to the refusal of the court to set aside the verdict and grant the defendant a new trial, on the ground that the verdict was contrary to the law and the evidence.

The case comes before us partly upon a certificate of facts, and partly upon a certificate of evidence—the facts being certified by the court only as to matters about which there was no conflict in the evidence.

The court certifies as facts proved and admitted that " sparks issuing from the engine of the defendant company that passed down by the plaintiffs' woods late in the afternoon of October 31, 1892, originated the fire that burnt the plaintiffs' woods, and that the damage sustained by them by the burning of their woodland by said fire issuing from the defendant's engine amounted to the sum of $700, the amount named in the verdict; that numerous fires were caused by the defendant's engines along the defendant's right of way, before and after October 31, 1892, in the neighborhood of the plaintiffs' land ; and, of four of said number, one occured every day for four days in succession; one of said fires started from sparks cast forty feet from defendant's right of way; some of them originated on the right of way, and some on the adjacent lands."

In addition to the foregoing facts, the evidence of the plaintiffs shows, what has already been hereinbefore referred to, that the fire in question, when first discovered, was burning on the right of way of the defendant, where bunches of sedge had been allowed to grow and remain, and was also burning in the woodland of the plaintiffs about ten yards from the defendant's right of way, and that the fire was continuous from the defendant's right of way to the place of burning in the woods ; that the fire extended about fifteen feet along the right of way; and that when the fire occurred it was a dry season.

The question of negligence is one of fact, and its decision is peculiarly within the province of a jury.   Taking the facts as certified, and considering the evidence as upon a demurrer to evidence, which we are required to do where the evidence is certified (sec. 3484 of Code of 1887), we are of opinion that the verdict of the jury was right, and that there is no error in the judgment of the Circuit Court.   The same is therefore affirmed.

*Affirmed.*