**Salem**

WENDELL WALLACE TERRY

v.

COMMONWEALTH OF VIRGINIA

No. 0690-86

Decided October 6, 1987

COUNSEL

Webster Hogeland, for appellant.

Margaret Poles Spencer, Assistant Attorney General (Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**COLEMAN, J.** — Wendell Wallace Terry appeals his conviction for possession of marijuana with intent to distribute. He raises three arguments: (1) whether the trial judge erred in denying his motion for mistrial after the Commonwealth introduced inadmissible evidence; (2) whether the jury instructions impermissibly emphasized portions of the evidence; and (3) whether the evidence was insufficient to support a conviction.

We find that the trial court erred in denying the motion for a mistrial so we reverse and remand for a new trial. As to the jury instructions, we affirm the trial judge's rulings. We do not address the question of the sufficiency of the evidence.

The central issue before us is whether the trial court erred in refusing to grant a mistrial after the Commonwealth produced inadmissible evidence. Generally, a trial court may cure errors arising from improperly presented evidence by immediately in-

structing the jury to disregard that evidence. *LeVasseur v. Commonwealth*, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983), *cert. denied*, 464 U.S. 1063 (1984). The production of inadmissible evidence is not reversible error unless there is a "manifest probability" that the improper evidence has been prejudicial to the adverse party. *Coffey v. Commonwealth*, 188 Va. 629, 636, 51 S.E.2d 215, 218 (1949). The probability of prejudice exists when the evidence is "so impressive that it probably remained on the minds of the jury and influenced their verdict." *Id*. Thus, "if the prejudicial effect of the impropriety cannot be removed by the instructions of the trial court, the defendant is entitled to a new trial." *Lewis v. Commonwealth*, 211 Va. 80, 83, 175 S.E.2d 236, 238 (1970).

In the present case, the appellant was convicted of possession of marijuana with the intent to distribute. Concededly, the Commonwealth presented sufficient circumstantial evidence on the element of intent from which the jury could have inferred an intent to distribute. The only direct evidence of a sale, however, was the inadmissible testimony of the detective who stated that the "search warrant [for defendant and defendant's car] was based on a controlled buy made by a confidential reliable informant." This inadmissible evidence of an earlier drug sale was the only direct evidence of a sale and thus the strongest evidence of intent to distribute. Therefore, despite the trial court's cautionary instruction to the jury, we cannot say that the evidence did not influence the jury's verdict or that the jury would necessarily have found the requisite intent if they had not heard that evidence. *See Coffey*, 188 Va. at 637, 51 S.E.2d at 218 (admission of incompetent evidence not reversible error because jury would not have been justified in reaching a different verdict even without the incompetent evidence). While there may have been sufficient circumstantial evidence for the jury to infer intent to distribute, the inadmissible evidence was so probative of the issue of intent that we conclude a manifest probability of prejudice to the appellant resulted. We cannot say that the evidence tending to establish guilt was so overwhelming that even had the inadmissible evidence been excluded the same result would have obtained. The error was not harmless beyond a reasonable doubt. Accordingly, the trial court erred in denying the motion for a mistrial and appellant is entitled to a new trial.

Because we remand for a new trial, during which the issue of jury instructions is likely to again arise, we address that issue. The question is whether jury instructions three and four relating to possession of drugs unduly emphasized portions of the evidence to the exclusion of other evidence. Instruction number three addressed the element of possession and noted that the Commonwealth must prove actual or constructive possession. In paragraph four of instruction number three, the court instructed the jury that "[p]ossession may be proved by acts, declarations or conduct of the defendant from which it may fairly be inferred that he was aware of the presence and character of the substance at the place found." Appellant contends that this instruction singled out his acts, declarations, and conduct during the search of his car and gave those actions unjustified emphasis to the exclusion of evidence he put on tending to negate knowing possession. Jury instruction number four reads as follows:

> The Court instructs the jury that to possess with intent to distribute requires both possession and intent. In determining whether possession is with such intent, you may consider all the evidence and circumstances which relate to that point including but not limited to: the quantity possessed; the manner of packaging; the location at which the substance was possessed; and evidence of use of the substance by persons other than the defendant at the time it was seized.[1]

Appellant contends again that the instruction impermissibly highlighted selected portions of the evidence.

 When a trial judge instructs the jury in the law, he or she may not "single out for emphasis a part of the evidence tending to establish a particular fact." *Woods v. Commonwealth*, 171 Va. 543, 548, 199 S.E. 465, 467 (1938). The danger of such emphasis is that it gives undue prominence by the trial judge to the highlighted evidence and may mislead the jury. *New York, Philadelphia, & Norfolk R. Co. v. Thomas*, 92 Va. 606, 609, 24 S.E. 264, 265 (1896). On the other hand, instructions should relate to the specific evidence of the case; abstract propositions of law do little to help and much to mystify a jury. *Gordon v. Direc-*

---

[1] Jury instructions three and four are taken almost verbatim from Virginia's Model Jury Instructions, No. 23.330 and 23.350.

*tor General*, 128 Va. 426, 433, 104 S.E. 796, 798 (1920).

The contested jury instructions were taken almost verbatim from Virginia's Model Jury Instructions. While the instructions did refer to kinds of evidence, they did not suggest that specific evidence impelled any particular finding. Rather, they informed the jury of the types of evidence the jury could use to reach legal conclusions, but did not comment upon specific facts proven in the case. The jury was free to draw all reasonable and permissible inferences from the evidence without any suggestion in the jury instructions as to the conclusion. The instructions did not suggest the credibility or weight which should be given any specific evidence adduced at trial. Further, the instructions did not characterize the evidence. For example, the court did not state that the appellant's belligerent conduct and cursing were "acts, declarations, or conduct" that would support an inference of his knowledge of the contraband. That conclusion was left to the jury free from suggestion by the trial judge. Therefore, we find that the instructions did not impermissibly highlight any of the evidence to the exclusion of other evidence.

Finally, because we are remanding for a new trial, we do not address the sufficiency of the evidence to support a conviction of possession of marijuana with the intent to distribute. *See Allen v. Commonwealth*, 171 Va. 499, 504, 198 S.E. 894, 897 (1938).

For the reasons stated, we reverse and remand for a new trial.

*Reversed and remanded.*

Duff, J., and Hodges, J., concurred.