COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Moon, Senior Judges Cole and Duff

CHARLES W. SIMMONS

v.      Record No. 0460-94-3          MEMORANDUM OPINION[*] BY
                                      CHIEF JUDGE NORMAN K. MOON
COMMONWEALTH OF VIRGINIA                   AUGUST 29, 1995

FROM THE CIRCUIT COURT OF THE CITY OF SALEM
G. O. Clemens, Judge

Barry M. Tatel (Neil E. McNally; Key and Tatel, P.C.,
on brief), for appellant.

Monica S. McElyea, Assistant Attorney General
(James S. Gilmore, III, Attorney General,
on brief), for appellee.


Charles W. Simmons appeals his conviction for sodomy by or
with the mouth in violation of Code § 18.2-361. On appeal,
Simmons contends that the Commonwealth's evidence was
insufficient to convict him for oral sodomy and that the trial
court erred when it gave jury instruction number seven. We hold
that jury instruction number seven was improper because it
singled out for emphasis a part of the evidence tending to
establish a pivotal fact in the jury's determination of Simmons's
guilt or innocence. The instruction was also a misstatement of
the law.

> When a trial judge instructs the jury in the law, he or
> she may not "single out for emphasis a part of the
> evidence tending to establish a particular fact." . . .
> The danger of such emphasis is that it gives undue
> prominence by the trial judge to the highlighted
> evidence and may mislead the jury.

_____

[*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

Terry v. Commonwealth, 5 Va. App. 167, 170, 360 S.E.2d 880, 882 (1987) (citations omitted); also see Woods v. Commonwealth, 171 Va. 543, 199 S.E. 465 (1938) (reversible error for a trial judge to single out for emphasis a part of the evidence tending to establish a particular fact). Furthermore, "[a] statement made in the course of a judicial decision is not necessarily proper language for a jury instruction." Snyder v. Commonwealth, 220 Va. 792, 797, 263 S.E.2d 55, 58 (1980); see also Yeager v. Commonwealth, 16 Va. App, 761, 766, 433 S.E.2d 248, 251 (1993).

In this case, instruction number seven commented on a piece of circumstantial evidence tending to establish a key element of the offense charged against Simmons. The instruction was taken in part from the Model Jury Instructions, but was further based on language found in Ryan v. Commonwealth, 219 Va. 439, 444-45, 247 S.E.2d 698, 702 (1978). The instruction gave undue prominence to the duration of the alleged sexual act which was but one of many pieces of circumstantial evidence the jury could have considered in reaching a verdict. Thus, there existed a danger that the jury would be misled because instruction seven permitted the jury to base its decision on an inference or presumption that duration alone was sufficient to prove penetration.

In holding as we do, we note that instruction number seven was not taken verbatim from the text of Ryan, but more closely reflects one of the case's headnotes. Id. at 439, 247 S.E.2d at 698. Ryan never established that duration alone could, as a

matter of law, prove penetration.  Rather, the Court's comment emphasized "the victim's <u>account</u> of Ryan's protracted assault," <u>id.</u> at 444–45, 247 S.E.2d at 702 (emphasis added), from which the jury could reasonably infer that penetration occurred.  The Court noted that, among other pieces of circumstantial evidence, "the condition, position, and proximity of the parties . . . may afford sufficient evidence of penetration to support a charge of sodomy by cunnilingus."  <u>Id.</u> (citation omitted).

Thus, for purposes of considering the sufficiency of the evidence to support penetration the language quoted from <u>Ryan</u> is instructive in what legal effect to give to the evidence of the duration of the encounter.  However, it is not proper for the jury to be instructed that duration alone is sufficient to prove penetration.

Therefore, we reverse Simmons's conviction and remand his case for a new trial.

<u>Reversed and remanded.</u>