COURT OF APPEALS OF VIRGINIA


Present:  Judges Coleman, Elder and Senior Judge Cole
Argued at Salem, Virginia


PAUL WOODROW SHIFFLETT, JR.

                                    MEMORANDUM OPINION* BY
v.   Record No. 2600-98-2           JUDGE SAM W. COLEMAN III
                                         FEBRUARY 29, 2000
COMMONWEALTH OF VIRGINIA


          FROM THE CIRCUIT COURT OF ALBEMARLE COUNTY
                 Paul M. Peatross, Jr., Judge

          C. James Summers (Summers & Anderson, on
          brief), for appellant.

          Eugene Murphy, Assistant Attorney General
          (Mark L. Earley, Attorney General; Jeffrey S.
          Shapiro, Assistant Attorney General, on
          brief), for appellee.


     Paul Woodrow Shifflett, Jr. was convicted in a jury trial of

three counts of indecent exposure to a juvenile, three counts of

aggravated sexual battery, and attempted sodomy.  Shifflett argues

that the trial court erred by denying his motion for a mistrial

after portions of his statement to the police were introduced at

trial in which he acknowledged "talking to somebody about [getting

counseling]" for "messing" with children and in which the officers

asked Shifflett if he had gone to jail for sexual abuse and

whether he had been sexually abused as a child.  Because Shifflett

─────────────────

        * Pursuant to Code § 17.1-413, recodifying Code
§ 17-116.010, this opinion is not designated for publication.

failed to redact the objectionable questions and responses when previously given the opportunity to do so, we hold that the trial court did not err by promptly instructing the jury to disregard the evidence and refusing to declare a mistrial.

BACKGROUND

Shifflett provided child care for a neighbor's six-year-old son. After several months of being cared for by Shifflett, the child complained to his mother that Shifflett was sexually abusing him. In the course of the investigation, Shifflett was interviewed by law enforcement authorities regarding the allegations. During the interview, Shifflett admitted that he sexually abused the child on at least four occasions. Shifflett was also questioned about other child sexual abuse charges or convictions and about his having had counseling for child sexual abuse:

> MR. HOLMES: You ever been to counseling? For, for sex, messing with kids?
>
> MR. SHIFFLETT: Ah I don't remember if I have or not.
>
> MR. HOLMES: Okay. You went to jail for that though, but did you get some help with it?
>
> MR. SHIFFLETT: I was talking to somebody about it but they never did get back with me.
>
> MR. HOLMES: Okay. So you tried to get some help for, for sexual abuse in the past, right?

MR. SHIFFLETT: Yeah.

MR. HOLMES: Okay.

OFFICER COX: Have you ever been abused before? Were you sexually abused when you were growing up?

MR. SHIFFLETT: Yes.

OFFICER COX: You were? By -- by a family member or a friend, an acquaintance or what?

MR. SHIFFLETT: A family member.

Prior to trial, Shifflett filed a motion in limine seeking to prohibit the Commonwealth from introducing those portions of his interview with the police that mentioned his prior conviction for indecent exposure or alluded to other incidents of sexual abuse. The trial court granted Shifflett's motion and permitted Shifflett to redact those portions of the interrogation which referenced his prior conviction or other unrelated sexual offenses. Defense counsel identified two pages to which he had specific objections and requested that they be redacted. The Commonwealth identified several additional pages that might be considered objectionable, and those pages were redacted. Defense counsel did not identify that portion of the interrogation recited above, in which the officer alluded to other incidents of child sexual abuse, referenced Shifflett's attempt to receive counseling for sexual abuse, or inquired about Shifflett's history of sexual abuse, as objectionable.

However, at trial the tape recording of the interview was played for the jury. When the foregoing portion was played for the jury, defense counsel objected on the grounds that the evidence of other sexual offenses and the references of going to jail or receiving counseling were irrelevant and highly prejudicial. Defense counsel explained that he had previously identified the dialogue as objectionable but had inadvertently failed to designate it for redaction. The trial court sustained the objection, and after a brief discussion outside the presence of the jury, the court overruled the motion for a mistrial and promptly and expressly told the jury to disregard the objectionable evidence and questions.

## ANALYSIS

Shifflett argues that the trial court erred by denying his motion for a mistrial because the introduction of the evidence regarding other criminal conduct and the interviewers' reference to Shifflett spending time in jail or receiving counseling for other sexual offenses was highly prejudicial and denied him a fair trial. Shifflett argues that the trial court's jury instruction to disregard the objectionable evidence was insufficient to mitigate the prejudice.

"Whether improper evidence is so prejudicial as to require a mistrial is a question of fact to be resolved by the trial court in each particular case." Beavers v. Commonwealth, 245

Va. 268, 280, 427 S.E.2d 411, 420 (1993). "Thus, a trial court's denial of a motion for a mistrial will not be reversed on appeal unless there exists a manifest probability as a matter of law that the improper evidence prejudiced the accused." Mills v. Commonwealth, 24 Va. App. 415, 420, 482 S.E.2d 860, 862 (1997) (citations omitted).

"Generally, a trial court may cure errors arising from improperly presented evidence by immediately instructing the jury to disregard that evidence." Terry v. Commonwealth, 5 Va. App. 167, 168-69, 360 S.E.2d 880, 880-81 (1987) (citing LeVasseur v. Commonwealth, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983) (finding that juries are presumed to follow prompt, explicit, and curative instructions)). The admission of improper evidence is "not reversible error unless there is a 'manifest probability' that the improper evidence has been prejudicial to the adverse party." Terry, 5 Va. App. at 169, 360 S.E.2d at 881 (quoting Coffey v. Commonwealth, 188 Va. 629, 636, 51 S.E.2d 215, 218 (1949)). The probability of prejudice exists when the evidence is "so impressive that it probably remained on the minds of the jury and influenced their verdict." Coffey, 188 Va. at 636, 51 S.E.2d at 218. Therefore, "if the prejudicial effect of the impropriety cannot be removed by the instructions of the trial court, the defendant is entitled to a

new trial." Lewis v. Commonwealth, 211 Va. 80, 83, 175 S.E.2d 236, 238 (1970).

Prior to trial, the court granted Shifflett's motion to redact the portions of the interrogation and his statement that referred to other unrelated bad acts or to prior criminal behavior. The trial court granted leave to defense counsel to redact any material that he deemed to be objectionable. On the day of trial, the prosecutor tendered the redacted statement to defense counsel, noting that she also had redacted portions of the document in addition to those identified by Shifflett. Defense counsel further reviewed the statement and did not object to any portion of the document as redacted. The Commonwealth introduced the statement into evidence and it was read to the jury. After the objectionable portion was read to the jury, defense counsel objected and informed the court that he inadvertently failed to redact those additional objectionable portions of the interview. Shifflett initially requested a cautionary instruction. Following a brief conference with counsel, the trial judge promptly and emphatically instructed the jury to disregard the statements. Defense counsel subsequently took the position that a cautionary instruction was not adequate to erase the prejudicial effect of the highly inflammatory evidence and moved for a mistrial. Defense counsel conceded that he did not identify that portion of the

interrogation as objectionable prior to its having been read to the jury, even though he had been given the opportunity to do so. The trial court denied the mistrial motion.

Although the Commonwealth, as the proponent of evidence, has the burden of establishing its relevancy and admissibility, see 1 John Henry Wigmore, Evidence §§ 14.1, 17 (Tillers rev. 1983), when inadmissible evidence is proffered, opposing counsel has an obligation to make a timely and specific objection. See Rule 5A:18. Rule 5A:18 provides in pertinent part that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling . . . ." Rule 5A:18. "The primary function of Rule 5A:18 is to alert the trial judge to possible error so that the judge may consider the issue intelligently and take any corrective actions necessary to avoid unnecessary appeals, reversals and mistrials." Martin v. Commonwealth, 13 Va. App. 524, 530, 414 S.E.2d 401, 404 (1992) (en banc).

Rule 5A:18, frequently referred to as the "contemporaneous objection rule," bars appellate review of trial court rulings or incidents of trial to which no objection was made or where the objection was not timely. Rules of Court which procedurally bar consideration of an issue on appeal are looked upon with disfavor and should not be liberally applied to prevent

consideration of the merits of an issue on appeal.
Nevertheless, where, as here, the defendant had advance notice
of the exact nature of the evidence and was given the
opportunity in limine to redact the evidence and prevent the
jury from considering it, we find that the objection was not
timely and that the trial court did not err by granting a
cautionary instruction and refusing to grant a mistrial.

Evidence that the accused committed other crimes or bad
acts is highly prejudicial and inadmissible, unless admitted
under one of several specific exceptions not present in this
case.  See Rodriguez v. Commonwealth, 18 Va. App. 277, 280-81,
443 S.E.2d 419, 422 (1994) (en banc).  Here, the trial court,
acknowledging that certain portions of the transcript of the
interrogation which referred to other crimes or bad acts was
highly prejudicial, granted Shifflett leave to redact any
portion of the transcript that he thought objectionable.  Prior
to trial, the prosecutor tendered the redacted transcript and
tape to Shifflett.  The transcript tendered by the Commonwealth
reflected that the two pages identified by Shifflett as
objectionable were redacted as well as several additional pages
identified by the Commonwealth.  Shifflett did not object to the
transcript as redacted.  Upon realizing that inadmissible,
prejudicial evidence was introduced, the trial court sustained

Shifflett's objection and, in emphatic terms, gave the jury a prompt instruction to disregard the evidence.

We accept for purposes of this opinion that the portion of the transcript to which Shifflett ultimately objected was improper and by its nature prejudicial; however, we find that under the circumstances in which it was introduced, its publication to the jury was not reversible error. We hold that, because Shifflett was afforded the opportunity to redact any objectionable portion of the transcript before trial but failed to avail himself of that opportunity, albeit inadvertently, his objection was not timely and he is precluded from asserting that a mistrial is the only appropriate remedy. See generally Saunders v. Commonwealth, 211 Va. 399, 177 S.E.2d 637 (1970); Clark v. Commonwealth, 202 Va. 787, 120 S.E.2d 270 (1961); Godsey v. Tucker, 196 Va. 469, 84 S.E.2d 435 (1954); Hundley v. Commonwealth, 193 Va. 449, 69 S.E.2d 336 (1952). The trial court gave Shifflett every opportunity to prevent the objectionable or prejudicial evidence from being presented to the jury. Shifflett will not now be permitted to challenge the admissibility of the evidence when he sat silently and allowed the evidence to be presented to the jury, which he considered highly prejudicial, after he was afforded every opportunity to have the evidence excluded in the first instance and never mentioned to the jury. Although a trial court is not bound by an in limine ruling and may be required to rule

differently depending upon whether the evidence is relevant or material at trial, here Shifflett had the opportunity to object and prevent the evidence from being mentioned to the jury. For Shifflett to have made a timely objection to the admissibility of this evidence, he should have objected when first given the opportunity to have it redacted. By failing to object and have redacted that which he deemed objectionable, defense counsel permitted the interjection of the questionable evidence before the jury at trial. He cannot now be heard to complain that the prompt, explicit curative instruction given by the trial court was inadequate and deprived him of a fair trial. We decline to consider, in this instance, whether the curative instruction removed the prejudicial effect of the impropriety. We, therefore, hold that because Shifflett failed to make a timely specific objection to the inclusion of the objectionable material when afforded an opportunity to do so, he is precluded from challenging the trial court's refusal to grant a mistrial and the court's procedure for correcting the alleged prejudice resulting from the inadvertent admission of the evidence.

We find that the trial court did not err by denying Shifflett's motion for a mistrial. Accordingly, we affirm the judgment of the trial court.

Affirmed.