COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Haley and Senior Judge Annunziata
Argued at Alexandria, Virginia


TIMOTHY ROLLISON

                                MEMORANDUM OPINION[*] BY
v.      Record No. 3038-05-4          JUDGE LARRY G. ELDER
                                  FEBRUARY 20, 2007

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
William T. Newman, Jr., Judge

Jason S. Rucker (Rucker & Rucker, on brief), for appellant.

Robert H. Anderson, III, Senior Assistant Attorney General (Robert
F. McDonnell, Attorney General, on brief), for appellee.


Timothy Rollison (appellant) appeals from his jury trial convictions for aggravated

malicious wounding and use of a firearm in the commission of that offense. On appeal, he

contends the trial court erroneously instructed the jury. We conclude that no reversible error

occurred, and we affirm.

Appellant's assignment of error is in two parts. First, he contends that the trial court

erred in instructing the jury that self-defense was not an issue in the case and that the jury should

decide the case on the instructions previously given. He contends this was error "because [he]

was not advancing the argument of self-defense."[1] Second, he avers that even if giving the

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The Commonwealth argues appellant "has defaulted on" this aspect of his claim,
"[a]lthough [it admits] the matter [of default] is not free from doubt." We conclude appellant
sufficiently preserved this argument for appeal.
      When the trial court indicated it would caution the jury that self-defense was not an issue
rather than instruct them on self-defense, as the Commonwealth had suggested, appellant
expressed his belief that this was "perhaps a much wiser solution than what the Commonwealth

instruction was not error, the timing of the instruction was--"because the instruction . . . occurred after [appellant] had made his closing argument but before the Commonwealth presented its rebuttal closing argument." On brief, he gives no indication of how he claims to have been prejudiced by the instruction or the time at which the court chose to give it. At trial, he articulated that the court's giving the instruction immediately after his closing argument might be taken by the jury to mean that "the Court disagree[d] with my closing argument, in essence" and "that [such an interpretation] would be a prejudice to the defendant."

The offense for which appellant was convicted, aggravated malicious wounding, required proof, *inter alia*, that appellant acted with malice. Malice, as defined by the jury instructions that have become the law of the case, see Spencer v. Commonwealth, 240 Va. 78, 89, 393 S.E.2d 609, 616 (1990),

> is that state of mind which results in the intentional doing of a
> wrongful act to another without legal excuse or justification, at a
> time when the mind of the actor is under the control of reason.
> Malice may result from any unlawful or unjustifiable motive
> including anger, hatred or revenge. Malice may be inferred from
> any deliberate[,] willful and cruel act against another, however
> sudden.

Lynn v. Commonwealth, 27 Va. App. 336, 344 n.1, 499 S.E.2d 1, 5 n.1 (1998).

Self-defense negates a finding of malice by providing a legal justification or excuse for a cruel act committed under the control of reason. See, e.g., Smith v. Commonwealth, 17 Va. App. 68, 435 S.E.2d 414 (1993). "To justify the use of deadly force, the defendant must

---

proposed." However, he also stated immediately thereafter, "The question I have is, do we need to tell them that something they have not been instructed on is not an issue?" When the court indicated it thought such an instruction was appropriate and that it intended to give this instruction, appellant commented further, "Very well, Your Honor. . . . I accept the Court's decision, but for the record, . . . [t]he reason we oppose that is because we believe at this stage that . . . the jury might take this as . . . a comment on my closing argument, the Court disagreeing with my closing argument, in essence . . . and that would be a prejudice to the defendant." This exchange constituted a specific objection made at the time of the trial court's ruling and satisfied the requirements of Rule 5A:18.

have reasonably feared death or serious bodily injury from his victim, and there must have been an overt threat." Peeples v. Commonwealth, 30 Va. App. 626, 634, 519 S.E.2d 382, 386 (1999) (en banc). A defendant claiming self-defense "implicitly admits the killing was intentional," McGhee v. Commonwealth, 219 Va. 560, 562, 248 S.E.2d 808, 810 (1978), but he "has no burden to prove the defense or negate an element of the crime," Graham v. Commonwealth, 31 Va. App. 662, 674, 525 S.E.2d 567, 573 (2000). Instead, an accused asserting self-defense must provide merely "sufficient evidence [of self-defense] to raise a reasonable doubt about his guilt." Smith, 17 Va. App. at 71, 435 S.E.2d at 416.

The existence of heat of passion may negate malice "when that heat of passion arises from provocation that reasonably produces an emotional state of mind such as . . . fear so as to cause one to act on impulse without conscious reflection," see, e.g., Lynn, 27 Va. App. at 344 n.1, 499 S.E.2d at 5 n.1, rather than under the control of reason.

"'Both the Commonwealth and the defendant are entitled to appropriate instructions to the jury of the law applicable to each version of the case, provided such instructions are based upon the evidence adduced.'" Stewart v. Commonwealth, 10 Va. App. 563, 570, 394 S.E.2d 509, 514 (1990) (quoting Simms v. Commonwealth, 2 Va. App. 614, 616, 346 S.E.2d 734, 735 (1986)).

> "The purpose of an instruction is to furnish guidance to the jury in their deliberations, and to aid them in arriving at a proper verdict, so far as it is competent for the court to assist them. The chief object contemplated in the charge of the judge is to explain the law of the case, to point out the essentials to be proved on the one side or the other, and to bring into view the relation of the particular evidence adduced to the particular issues involved. In his instructions the trial judge should inform the jury as to the law of the case applicable to the facts in such a manner that they may not be misled."

Cooper v. Commonwealth, 2 Va. App. 497, 500, 345 S.E.2d 775, 777 (1986) (quoting 75 Am. Jur. 2d Trial § 573 (1974)).

- 3 -

The trial judge commits error by not instructing the jury on a matter when, in the absence of such instruction, the jury may make findings based upon a mistaken belief of the law. See Martin v. Commonwealth, 218 Va. 4, 6-7, 235 S.E.2d 304, 305 (1977). "When a trial judge instructs the jury in the law, he or she may not 'single out for emphasis a part of the evidence tending to establish a particular fact.'" Terry v. Commonwealth, 5 Va. App. 167, 170, 360 S.E.2d 880, 882 (1987) (quoting Woods v. Commonwealth, 171 Va. 543, 548, 199 S.E. 465, 467 (1938)). "On the other hand, instructions should relate to the specific evidence of the case; abstract propositions of law do little to help and much to mystify a jury." Id. at 170, 360 S.E.2d at 882 (citing Gordon v. Director General, 128 Va. 426, 433, 104 S.E. 796, 798 (1920)). Finally, a decision to give a cautionary instruction and when to give it will not be set aside on appeal absent a showing of an abuse of discretion. Goins v. Commonwealth, 251 Va. 442, 465, 470 S.E.2d 114, 129 (1996).

Here, the court's cautionary instruction did not emphasize "a part of the evidence tending to establish a particular *fact*." Terry, 5 Va. App. at 170, 360 S.E.2d at 882 (emphasis added). Instead, it pointed out to the jury that a particular *legal theory*--self-defense--was not in issue. The victim was a transsexual prostitute whose true gender appellant claimed to have learned only moments before the shooting during what began as a consensual sexual encounter. Appellant said he became fearful and pulled his firearm when the prostitute suggested that they continue the sexual encounter despite the fact that the prostitute, like appellant, was male. As the Commonwealth argued and the trial court found, appellant's closing argument "[came] perilously close" to a claim that appellant's act of shooting the victim was excusable because it was done in self-defense, i.e., because appellant feared the victim would take away his firearm and then use the firearm against appellant. The likelihood of the jury's misinterpreting appellant's argument was heightened by appellant's claim that the fear he experienced negated a

finding of malice but did so without supporting a heat-of-passion defense. Appellant's ongoing claim that he acted out of fear at a time when his mind was not under the control of reason but that he was not asserting a heat-of-passion defense heightened the need for a cautionary instruction to preclude a jury verdict based on self-defense, a defense that appellant did not raise and expressly agreed he was not advancing. Under these circumstances, the trial court did not abuse its discretion by informing the jury that self-defense was not a legal theory upon which they could base an acquittal.

Similarly, we hold the trial court did not abuse its discretion by giving the contested instruction after appellant made his closing argument and before the Commonwealth delivered its rebuttal argument, rather than at the close of all argument as appellant had requested. Although appellant expressed concern that the jury was more likely to interpret the instruction as the court's criticism of his closing argument if the court gave that instruction immediately following appellant's closing, appellant did not object to the Commonwealth's right to argue in rebuttal that self-defense was not an issue in the case. Further, the court's instruction was worded in a neutral fashion that made no mention whatever of appellant's argument. The court merely told the jury that it "want[ed] to emphasize . . . that self-defense is not an issue in this case and that you're going to decide this case . . . based only upon whatever you think about what you've heard and these instructions." The trial court said to the jury nothing beyond that which appellant had told the court he agreed to--that self-defense was not an issue in the case. The trial court's decision to give this instruction prior to the Commonwealth's rebuttal argument was not an abuse of discretion.

For these reasons, we hold that the trial court did not commit reversible error in instructing the jury, after appellant's closing argument and before the Commonwealth's rebuttal

argument, that self-defense was not an issue in the case and that it must decide the case based on the instructions previously given.  Thus, we affirm the challenged convictions.

                                                                    <u>Affirmed.</u>