COURT OF APPEALS OF VIRGINIA


Present: Chief Judge Felton, Judges Haley and Beales
Argued by teleconference


WILLIAM MACK KEEFER, JR., S/K/A
  WILLIAM MARK KEEFER, JR.
                                                            OPINION BY
v.        Record No. 0004-09-4          JUDGE JAMES W. HALEY, JR.
                                                            JULY 13, 2010
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF CLARKE COUNTY
John E. Wetsel, Jr., Judge

Timothy S. Coyne, Public Defender (S. Jane Chittom, Appellate
Defender; Office of the Appellate Defender, on briefs), for appellant.

Susan M. Harris, Assistant Attorney General (Kenneth T. Cuccinelli,
II, Attorney General, on brief), for appellee.


I.  INTRODUCTION

Code § 18.2-200.1 reads in pertinent part:

> If any person obtain . . . an advance of money . . . with
> fraudulent intent, upon a promise to perform construction . . . and
> fail or refuse to perform such promise, and also fail to make
> substantially good such advance, he shall be deemed guilty of the
> larceny of such money . . . if he fails to return such advance within
> fifteen days of a request to do so . . . .

Convicted of construction fraud pursuant to this statute, William Mack Keefer, Jr.

maintains the trial court improperly issued jury instruction six. He claims the instruction

constituted an impermissible comment upon the evidence. He seeks a reversal and remand for a

new trial. We agree and reverse and remand.

## II. BACKGROUND AND ANALYSIS

Instruction six reads as follows:

> Whether the defendant had an intent to defraud when he obtained the advances under the construction contract depends upon the circumstances of the case. Intent is often proved by circumstantial evidence and the reasonable inferences to be drawn from facts, which have been proven. The intent to defraud may be inferred from proof of any or all of the following circumstances: *failing to apply for a permit* for the work when one was required; an unreasonable *lack of communication with the homeowner* by the contractor; the *contractor's failure to contact the homeowner when the contractor realized he was financially unable to perform the contract; a request for an advance accompanied by a promise to complete followed by a failure to complete; other similar transactions by the defendant using false representations*; and the use by a contractor of any monies paid to the contractor under a construction contract before the contractor pays all amounts due or to be due for labor or material furnished pursuant to the contract.

The instruction is based on this Court's opinion in McCary v. Commonwealth, 42 Va. App. 119, 590 S.E.2d 110 (2003), affirming a bench trial conviction for construction fraud. The italicized language was set forth in parentheses in McCary as examples of evidence "probative of fraudulent intent." Id. at 127, 590 S.E.2d at 114. The language from McCary was demonstrative of the sufficiency of the evidence sustaining the conviction and, accordingly, the language in the instruction is properly viewed as a comment upon the evidence by a reviewing court.

"[T]hat the language of a specific opinion dictates the content of a jury instruction . . . is at odds with our often-repeated caution that language in an opinion is meant to provide a rationale for a decision — and may not translate immutably into jury instructions." Va. Elec. & Power Co. v. Dungee, 258 Va. 235, 251, 520 S.E.2d 164, 173 (1999). "The appellant's argument . . . illustrates the danger of the indiscriminate use of language from appellate opinions in a jury instruction; a danger often referred to in our opinions." Blondel v. Hays, 241 Va. 467, 474, 403

S.E.2d 340, 344 (1991); see also Seaton v. Commonwealth, 42 Va. App. 739, 753-54, 595 S.E.2d 9, 16 (2004).

In Oak Knolls Realty Corp. v. Thomas, 212 Va. 396, 397-98, 184 S.E.2d 809, 810 (1971) (emphasis supplied), the Supreme Court stated:

> The language of the Allen [v. Brooks, 203 Va. 357, 124 S.E.2d 18 (1962),] case was intended as a guide for the trial courts to determine whether evidence is legally sufficient to support an instruction on permanency in personal injury cases. It was not intended to be included in jury instructions and should not be so used *because it might be considered a comment on the evidence by the court, which is, of course, not permissible*.

In the instant case, the evidence does disclose that some of Keefer's actions comported with some of those circumstances set forth in instruction six. But the ultimate issue before the jury was whether Keefer acted with fraudulent intent, as required by Code § 18.2-200.1. A trial court may not emphasize certain evidence to the jury for use in the decision on intent. See Brown v. Commonwealth, 238 Va. 213, 221, 381 S.E.2d 225, 230 (1989) (quoting Nelms v. Nelms, 236 Va. 282, 286, 374 S.E.2d 4, 7 (1988), for the notion that where "'the evidence relevant to the determination of a factual issue essential to the disposition of the dispute is in conflict, trial courts should not grant instructions that appear to place a judicial imprimatur on selective evidence'").

As this Court held in Terry v. Commonwealth, 5 Va. App. 167, 170, 360 S.E.2d 880, 882 (1987):

> When a trial judge instructs the jury in the law, he or she may not "single out for emphasis a part of the evidence tending to establish a particular fact." Woods v. Commonwealth, 171 Va. 543, 548, 199 S.E. 465, 467 (1938). The danger of such emphasis is that it gives undue prominence by the trial judge to the highlighted evidence and may mislead the jury. New York, Philadelphia, & Norfolk R. Co. v. Thomas, 92 Va. 606, 609, 24 S.E. 264, 265 (1896).

- 3 -

Our Supreme Court's decision in Woods shows the error here. The defendant there was charged with operating a nuisance in his house by selling liquor. 171 Va. at 546, 199 S.E. at 466. The police had discovered several bottles of liquor, along with numerous empty bottles. Id. at 545, 199 S.E. at 465-66. Witnesses had also observed many people entering and leaving the house, with some of those people entering sober and departing drunk and others carrying away packages roughly the size of paper bags. Id. at 545, 199 S.E. at 466. The defendant testified he never sold liquor, and that testimony was corroborated by several witnesses. Id. at 546, 199 S.E. at 466. The trial court gave an instruction stating that if the jury found "the house in question was resorted to by drinking men that fact would be evidence . . . to show that it was a place where intoxicating liquor could be purchased, and if you believe . . . that liquor . . . was sold to customers there," the defendant was guilty. Id. The Court held this instruction improperly commented on the evidence. Commenting upon the Commonwealth's evidence, the Court held:

> This class of evidence is admissible and was a circumstance to be considered, but it was only one of many circumstances to be considered by the jury . . . . We have repeatedly held that it is reversible error for a trial judge to single out for emphasis a part of the evidence tending to establish a particular fact.

Id. at 547-48, 199 S.E. at 467. The Court ordered a new trial. Id. at 548, 199 S.E. at 467.

Likewise, in Snyder v. Commonwealth, 220 Va. 792, 263 S.E.2d 55 (1980), the defendant, who was charged with rape, proffered an instruction stating that the unchaste character of the victim was a factor for consideration in determining whether the victim consented to intercourse. Id. at 797, 263 S.E.2d at 58. While noting evidence of the victim's sexual behavior was admissible on the question of consent, the Court stated this represented a different question than including the evidence in a jury instruction.[1] Id. Rejecting the

---

[1] Since the date of Snyder, Virginia has enacted rape shield protections. See Code § 18.2-67.7; Winfield v. Commonwealth, 225 Va. 211, 301 S.E.2d 15 (1983).

instruction, the Court held it "improperly would have singled out one portion of the evidence, *viz.*, that relating to the unchaste character of the prosecutrix, and would have unduly emphasized it over other facts equally pertinent to the jury's resolution of the issue of consent." Id.

Here, instruction six erroneously suggested "the weight which should be given [to] specific evidence."[2] Terry, 5 Va. App. at 171, 360 S.E.2d at 882. And instruction six "impermissibly commented upon the evidence."[3] Keen v. Commonwealth, 24 Va. App. 795, 807, 485 S.E.2d 659, 665 (1997). Accordingly, the conviction is reversed and the matter remanded to the trial court for a new trial if the Commonwealth be so advised.

Reversed and remanded.

---

[2] We note that instruction six, by inclusion of the word "any," could permit a jury to conclude the defendant possessed the requisite intent solely upon one factual finding, e.g., that the defendant failed to apply for a building permit, thereby precluding a jury from consideration of the totality of evidence relevant to that intent.

[3] We reject the Commonwealth's argument that the instruction did not constitute an impermissible comment because it stated the jury "may" infer an intent to defraud, rather than that the jury "must" infer such an intent. Cf. Velasquez v. Commonwealth, 276 Va. 326, 330, 661 S.E.2d 454, 456 (2008) (holding a jury instruction stating the jury "may infer" erroneously commented on the evidence).