COURT OF APPEALS OF VIRGINIA

UNPUBLISHED

Present:   Judges Elder, Petty and McCullough
Argued at Richmond, Virginia


GILBERTO DEJESUS, S/K/A
 GILBERTO DEJESUS, JR.

                                                    MEMORANDUM OPINION* BY
v.      Record No. 1055-12-2                        JUDGE LARRY G. ELDER
                                                    JULY 2, 2013

COMMONWEALTH OF VIRGINIA


                  FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                              Bradley B. Cavedo, Judge

              Joan J. Burroughs, Assistant Public Defender (Office of the Public
              Defender, on brief), for appellant.

              Lauren C. Campbell, Assistant Attorney General (Kenneth T.
              Cuccinelli, II, Attorney General, on brief), for appellee.


        Gilberto DeJesus (appellant) challenges his convictions for assault and battery of a law

enforcement officer, in violation of Code § 18.2-57(C).  On appeal, he argues that the trial court

erred in its instructions to the jury and in holding his arrest was lawful.  For the reasons that

follow, we affirm.

                                            I.

        At trial, the Commonwealth presented evidence that appellant arrived at Loretta

Lightfoot's house and asked to come inside.  When Lightfoot refused, appellant banged and

kicked the back door with sufficient violence to force entry.  After entering the home, appellant

bumped into Lightfoot's daughter's boyfriend as he passed him in the hallway.

_____

        * Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Lightfoot called the police. Officer Rodriguez was dispatched to Lightfoot's house in response to a report that a breaking and entering was in progress. When he arrived, the door was open and he saw two males "scuffling."

Appellant, one of those two males, claimed he lived at the house. Rodriguez saw the damage to the door and wall indicating someone had forced entry. Lightfoot informed Rodriguez that appellant was her ex-boyfriend and did not live there. She showed Rodriguez the lease, and it did not list appellant's name as a tenant. Lightfoot's daughter's boyfriend told Rodriguez that appellant pushed him when he entered the house.

Rodriguez arrested appellant for breaking and entering, placing him in the back of a police car. Once in the car, appellant kicked, hit, and screamed. Rodriguez decided to transport him in a patrol wagon to the jail. When the police officers transferred appellant to the patrol wagon, appellant head-butted one of the police officers and pushed another. He also spit on both of the officers.

Appellant did not present any evidence. However, Lightfoot testified that she was appellant's girlfriend at the time of the arrest. She additionally testified that at the time of the arrest, appellant had lived with her for approximately one month and kept personal belongings in her home. She explained that she had called the police because she was mad at appellant at the time and did not want him in her house.

At the conclusion of all the evidence, appellant proffered a jury instruction that read: "A battery is the willful touching of another, without legal excuse or justification, done in an angry, rude, insulting or vengeful manner."

The trial court denied the instruction. The trial court instead instructed the jury: "Any touching in anger, without lawful provocation, however slight, including spitting on a person, is sufficient to support a battery conviction."

Appellant additionally sought to instruct the jury on an unlawful arrest and his right to resist an unlawful arrest. Appellant argued that whether the police had probable cause to arrest him was an issue for the jury. The trial court ruled that the arrest was supported by probable cause as a matter of law and did not submit the matter to the jury.

The jury found appellant guilty of destruction of property and two counts of assault and battery of a law enforcement officer. The jury found appellant not guilty of statutory burglary. Appellant was sentenced to four years' incarceration and fined $500.

## II.

Appellant appeals his convictions for assault and battery of a police officer. He argues that the jury instruction defining "battery" unduly emphasized a piece of the Commonwealth's evidence. Appellant further contends that the question of whether probable cause existed to arrest appellant was a question of fact to be decided by the jury. Appellant alternatively argues that even if the issue of probable cause was one of law, the trial court erred in not giving the related instructions to the jury because they were supported by his theory of the case. Last, appellant contends that the evidence did not support the trial court's holding that probable cause existed to arrest him.

*Battery Instruction*

Appellant contends that the jury instruction explaining what types of touching were sufficient to support a battery conviction singled out for emphasis the evidence of spitting and may have misled the jury. The Commonwealth responds that the instruction was proper because it correctly stated the law and did not suggest the credibility or weight of any specific evidence.

The matter of granting and denying jury instructions rests within the discretion of the trial court. Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009). However,

> [w]hen a trial judge instructs the jury in the law, he or she may not
> "single out for emphasis a part of the evidence tending to establish

- 3 -

a particular fact." Woods v. Commonwealth, 171 Va. 543, 548, 199 S.E. 465, 467 (1938)). The danger of such emphasis is that it gives undue prominence by the trial judge to the highlighted evidence and may mislead the jury. On the other hand, instructions should relate to the specific evidence of the case . . . .

Terry v. Commonwealth, 5 Va. App. 167, 170, 360 S.E.2d 880, 882 (1987) (citations omitted).

"Both the Commonwealth and the defendant are entitled to appropriate instructions to the jury of

the law applicable to each version of the case, provided such instructions are based upon the

evidence adduced." Simms v. Commonwealth, 2 Va. App. 614, 616, 346 S.E.2d 734, 735

(1986). "When granted instructions fully and fairly cover a principle of law, a trial court does

not abuse its discretion in refusing another instruction relating to the same legal principle."

Stockton v. Commonwealth, 227 Va. 124, 145, 314 S.E.2d 371, 384 (1984).

Again, the trial court instructed the jury: "Any touching in anger, without lawful

provocation, however slight, including spitting on a person, is sufficient to support a battery

conviction." As in Terry, the instruction

did not suggest that specific evidence impelled any particular finding. . . . The jury was free to draw all reasonable and permissible inferences from the evidence without any suggestion in the jury instructions as to the conclusion. The instructions did not suggest the credibility or weight which should be given any specific evidence adduced at trial. . . . Therefore, . . . the instructions did not impermissibly highlight any of the evidence to the exclusion of other evidence.

5 Va. App. at 171, 360 S.E.2d at 882.

Further, the given instruction fully and fairly explained what types of touching can

constitute a battery. See, e.g., Gilbert v. Commonwealth, 45 Va. App. 67, 70-71, 608 S.E.2d

509, 511 (2005) (explaining battery can consist of any touching of, including spitting on, another

person done in anger). Therefore, the instruction was proper and the trial court did not abuse its

discretion in denying appellant's proposed instruction relating to the same legal principle.

*Legality of the Arrest*

Appellant argues that the trial court erred in denying his proffered jury instructions regarding the question of whether probable cause existed to arrest him, because it was a question of fact for the jury to decide. The Commonwealth contends that the trial court properly ruled on probable cause because the facts were not in dispute.

Code § 18.2-57(C) provides that "any person [who] commits an assault or an assault and battery against . . . a law enforcement officer . . . is guilty of a Class 6 felony." However, "[u]nder the common law, a citizen generally is permitted to use reasonable force to resist an illegal arrest." Commonwealth v. Hill, 264 Va. 541, 546, 570 S.E.2d 805, 808 (2002).

"'The test of constitutional validity [of a warrantless arrest] is whether at the moment of the arrest the arresting officer had knowledge of sufficient facts and circumstances to warrant a reasonable man in believing that an offense has been committed.'" Ross v. Commonwealth, 35 Va. App. 103, 106, 542 S.E.2d 819, 820 (2001) (quoting DePriest v. Commonwealth, 4 Va. App. 577, 583-84, 359 S.E.2d 540, 543 (1987)). Sufficient facts and circumstances are referred to as "probable cause." See, e.g., Purdie v. Commonwealth, 36 Va. App. 178, 185, 549 S.E.2d 33, 37 (2001).

Typically, evaluating the lawfulness of an arrest presents a mixed question of law and fact. Smith v. Commonwealth, 30 Va. App. 737, 740, 519 S.E.2d 831, 832 (1999). Where the facts are undisputed, however, only a question of law remains. See Bristol v. Commonwealth, 272 Va. 568, 573, 636 S.E.2d 460, 463 (2006) (reviewing "de novo the issue of law whether the undisputed facts . . . establish[ed] that the officers effectuated an arrest"). Because the facts leading to the arrest were undisputed, the only issue left to be determined was the legal question of whether probable cause supported the arrest.

Juries decide factual questions, not legal ones. "Where the facts are undisputed it is a question of law, and should be determined by the court . . . ." Blakely v. Greene, 24 F.2d 676, 681 (4th Cir. 1928). Therefore, the trial court appropriately resolved the remaining legal question of whether probable cause supported appellant's arrest.

Appellant alternatively argues that the trial court erred in denying his proposed jury instructions regarding his right to resist an unlawful arrest because they were supported by his theory of the case. The Commonwealth argues that the trial court properly refused the proffered instructions because no evidence supported appellant's theory of the case.

"[A]n instruction is proper only if supported by more than a scintilla of evidence." Commonwealth v. Sands, 262 Va. 724, 729, 553 S.E.2d 733, 736 (2001). In reviewing the trial court's refusal to grant appellant's proffered jury instructions, we view the evidence in the light most favorable to appellant. See, e.g., Cooper, 277 Va. at 381, 673 S.E.2d at 187.

When Officer Rodriguez arrived at Lightfoot's house, Lightfoot informed him that appellant was her ex-boyfriend and did not live there. Rodriguez saw appellant inside the house and observed damage to the door where someone forced entry. These circumstances were sufficient for a police officer to believe that appellant had committed statutory burglary, in violation of Code § 18.2-91. Although appellant told Rodriguez that he lived there, the test for a lawful arrest is whether there was "'a probability or substantial chance of criminal activity, not an actual showing of such activity.'" Ross, 35 Va. App. at 107, 542 S.E.2d at 821 (quoting Ford v. City of Newport News, 23 Va. App. 137, 143-44, 474 S.E.2d 848, 851 (1996)).

Because the record does not contain evidence supporting appellant's theory of the case that his arrest was unlawful, the trial court properly refused his proposed instructions relating to the legality of the arrest.

Last, appellant contends that the trial court erred in holding that probable cause existed to arrest him. Appellant argues that the evidence did not support the ruling because Lightfoot had not told him he was no longer welcome in her home. The Commonwealth responds that the evidence amply supported the trial court's holding that probable cause supported the arrest.

Having concluded that the evidence established that probable cause supported the arrest, we do not need to address this issue further. We note only that appellant's reliance on <u>Mayo v. Commonwealth</u>, No. 0293-97-2 (Va. Ct. App. Nov. 25, 1997), is misplaced, because whether the evidence is sufficient to support a statutory burglary conviction is a separate question from whether probable cause exists to arrest an individual for the offense. <u>See</u> <u>Ross</u>, 35 Va. App. at 107, 542 S.E.2d at 821.

## III.

Because the trial court did not abuse its discretion in instructing the jury or err in holding appellant's arrest was lawful, we affirm the convictions.

<u>Affirmed.</u>