COURT OF APPEALS OF VIRGINIA

PUBLISHED

Present:   Chief Judge Huff, Judges Decker and AtLee
Argued at Chesapeake, Virginia


PATRICK FRANKLIN GRAVES, JR.

                                                    OPINION BY
v.      Record No. 2344-14-1              JUDGE MARLA GRAFF DECKER
                                                 JANUARY 12, 2016
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF HAMPTON
Wilford Taylor, Jr., Judge

Charles E. Haden for appellant.

Lauren C. Campbell, Assistant Attorney General (Mark R. Herring,
Attorney General, on brief), for appellee.


Patrick Franklin Graves, Jr., appeals his conviction by a jury for the felony of eluding law

enforcement, in violation of Code § 46.2-817.  On appeal, he asserts that the trial court erred by

instructing the jury on the inference that may be drawn from a defendant's flight.  We hold that

because of the unique nature of the charged offense it was error to instruct the jury separately on

flight from the officer.  We also hold, however, that the error was harmless.  Accordingly, we affirm

the appellant's conviction.

I.  BACKGROUND

On October 23, 2013, Officer Ryan Franz, of the City of Hampton Police Department, was

on routine patrol.  He was in a marked police car equipped with emergency lights and a siren.  Franz

saw a truck on the road with a defective brake light.  He pulled his police car behind the truck,

followed it, and radioed the license plate number to police communications.  The officer activated

his emergency lights to stop the vehicle.  The truck stopped, and the officer pulled his police car

behind it and turned on his spotlights.  Although it was dark outside, the spotlights lit up the area.

As the officer was about to get out of his police car, the truck "broke traction and made an illegal U-turn" right in front of Franz. When the truck made the U-turn, its driver's side window passed the front of the police car and then the driver's side window of the vehicle. Officer Franz was able to see the face of the driver, whom he subsequently identified as the appellant.

Officer Franz radioed that he was in pursuit of the truck. The appellant drove away well above the speed limit. During the pursuit, Officer Franz reached a speed of ninety miles per hour in what he believed was a sixty-five-mile-per-hour zone. At that point, consistent with police department policy, Franz terminated the pursuit due to excessive speed.

After the incident, Officer Franz determined that the appellant was the registered owner of the vehicle. The officer obtained a photograph of the appellant, verified that he was the driver of the truck, and obtained an arrest warrant for him.

At the appellant's trial for felony eluding of a law enforcement officer, he presented testimony to refute that he was driving the truck at the time of the pursuit. The appellant, who had twelve prior felony convictions, testified that he was not driving the vehicle at the time of the stop. His mother and his fiancée also testified supporting his alibi. He did not challenge the basis for the stop or the circumstances surrounding the pursuit.

Upon completion of the evidence, the court discussed jury instructions with counsel. The court agreed to a number of standard instructions used in a criminal case. The finding instruction approved by the court, in pertinent part, read:

> The defendant is charged with the crime of disregarding a signal by [a] law enforcement officer to stop. The Commonwealth must prove beyond a reasonable doubt each of the following elements of the crime:
>
> (1) That the defendant received a visible or audible signal from [a] law enforcement officer to bring his motor vehicle to a stop; and

(2) That the defendant drove such motor vehicle in a willful and wanton disregard of such signal so as to interfere with or endanger the operation of the law enforcement vehicle or endanger a person.

The Commonwealth also proffered an instruction on flight. That instruction read: "If a person flees to avoid prosecution, detection, apprehension or arrest, this creates no presumption that the person is guilty of having committed the crime. However, it is a circumstance which you may consider along with the other evidence."

The appellant's counsel objected to the flight instruction, arguing that "the very nature of this offense of evading and eluding is incorporated in what [the appellant] is supposed to have done. The fact that someone ran away, that's the crime. . . . It's not a factor to be considered. They haven't determined whether he evaded and eluded." Counsel asserted that the evidence did not warrant giving the instruction and that it would serve only to confuse the jury. The prosecutor pointed out that it was a model jury instruction used any time "there's alleged flight by the defendant." He added, however, that he would "leave it to the discretion" of the court whether to give the instruction. The court overruled the objection and approved the flight instruction.

The jury convicted the appellant of the felony of eluding law enforcement. Consistent with the recommendation of the jury, Graves was sentenced to six months in jail and a fine of $1,000.

## II. ANALYSIS

The appellant contends that the trial court erred by granting the Commonwealth's flight instruction because it was improper in the context of the charged offense of eluding law enforcement and it confused the jury. The Commonwealth suggests that the instruction was proper and, alternatively, that any error as a result of giving the instruction was harmless.

The decision regarding granting or denying a jury instruction generally rests "in the sound discretion of the trial court." Cooper v. Commonwealth, 277 Va. 377, 381, 673 S.E.2d 185, 187 (2009). However, whether an instruction "accurately states the relevant law is a question of law"

- 3 -

that the appellate court reviews *de novo*. Sarafin v. Commonwealth, 288 Va. 320, 325, 764 S.E.2d 71, 74 (2014) (quoting Lawlor v. Commonwealth, 285 Va. 187, 228, 738 S.E.2d 847, 870 (2013)). This Court's "sole responsibility in reviewing" the trial court's decision "is to see that the law has been clearly stated and that the instructions cover all issues which the evidence fairly raises." Cooper, 277 Va. at 381, 673 S.E.2d at 187 (quoting Molina v. Commonwealth, 272 Va. 666, 671, 636 S.E.2d 470, 473 (2006)). In our review of the propriety of a particular instruction, we look to the instructions as a whole. See Hodge v. Commonwealth, 217 Va. 338, 346-47, 228 S.E.2d 692, 697-98 (1976); Jordan v. Commonwealth, 50 Va. App. 322, 329, 649 S.E.2d 709, 713 (2007).

As a preliminary matter, an instruction must be a correct statement of the applicable law. Morgan v. Commonwealth, 50 Va. App. 120, 133, 646 S.E.2d 899, 905 (2007). It also must be supported by "more than a scintilla" of evidence. Turman v. Commonwealth, 276 Va. 558, 564, 667 S.E.2d 767, 770 (2008) (quoting Porter v. Commonwealth, 276 Va. 203, 241, 661 S.E.2d 415, 434 (2008)). In addition to these well-established principles, "[n]o instruction should be given . . . 'which would be confusing or misleading to the jury.'" Mouberry v. Commonwealth, 39 Va. App. 576, 582, 575 S.E.2d 567, 569 (2003) (quoting Bruce v. Commonwealth, 9 Va. App. 298, 300, 387 S.E.2d 279, 280 (1990)). Further, an instruction "may not 'single out for emphasis a part of the evidence tending to establish a particular fact.'" Terry v. Commonwealth, 5 Va. App. 167, 170, 360 S.E.2d 880, 882 (1987) (quoting Woods v. Commonwealth, 171 Va. 543, 548, 199 S.E. 465, 467 (1938)). Finally, in this case, the challenged instruction was offered by the Commonwealth. Consequently, the burden was on the prosecutor to show that the proposed instruction was a "correct statement of the law, applicable to the facts of the case on trial, and expressed in appropriate language." Miller v. Commonwealth, 64 Va. App. 527, 547, 769 S.E.2d 706, 715 (2015) (quoting Shaikh v. Johnson, 276 Va. 537, 546, 666 S.E.2d 325, 329 (2008)).

- 4 -

The challenged instruction, provided to the jury, reads: "If a person flees to avoid prosecution, detection, apprehension or arrest, this creates no presumption that the person is guilty of having committed the crime. However, it is a circumstance which you may consider along with the other evidence." See Va. Model Jury Instr. __ Crim. No. 2.300. The appellant specifically argues that giving this instruction was an abuse of discretion because it was confusing and inappropriately highlighted evidence of flight over other factual issues for the jury to resolve.

In Virginia, it is well established that a defendant's "acts to escape, or evade detection or prosecution for criminal conduct may be evidence at a criminal trial[] and a jury may be instructed that it could consider such acts." Turman, 276 Va. at 564, 667 S.E.2d at 770; see Anderson v. Commonwealth, 100 Va. 860, 863, 42 S.E. 865, 865 (1902), overruled on other grounds by Kelley v. Commonwealth, 140 Va. 522, 539, 125 S.E. 437, 442 (1924). However, in the context of the traditional flight instruction, the "flight" is the action of the alleged offender *after* the commission of the crime, not the crime itself. See Turman, 276 Va. at 565-66, 667 S.E.2d at 770-71; Boykins v. Commonwealth, 210 Va. 309, 313-14, 170 S.E.2d 771, 774 (1969).[1] This makes sense in light of the body of case law adopting the position that flight is evidence that, when viewed in the context of the facts of the case, may tend to show guilt, and is to be considered by the jury for whatever weight it deems proper under the circumstances. See Bowie v. Commonwealth, 184 Va. 381, 392, 35 S.E.2d 345, 350 (1945); Jenkins v. Commonwealth, 132 Va. 692, 694-95, 111 S.E. 101, 102 (1922). Consequently, a flight instruction that properly states the law relating to flight is appropriate when the evidence supports it, depending on the case and its relation to the charged offense. See generally Chapman v. Commonwealth, 56 Va. App. 725, 735-36, 697 S.E.2d 20, 26 (2010)

---

[1] The cases in Virginia applying the flight jury instruction in this manner are numerous. See, e.g., Thomas v. Commonwealth, 279 Va. 131, 166-67, 688 S.E.2d 220, 239-40 (2010); Clagett v. Commonwealth, 252 Va. 79, 93, 472 S.E.2d 263, 271 (1996); Schlimme v. Commonwealth, 16 Va. App. 15, 18, 427 S.E.2d 431, 433-34 (1993); Langhorne v. Commonwealth, 13 Va. App. 97, 103-04, 409 S.E.2d 476, 480 (1991).

(explaining that jury instructions are to be considered in conjunction with the related evidence); Morgan, 50 Va. App. at 132, 646 S.E.2d at 905 ("The purpose of any jury instruction is to inform the jury of the law guiding their deliberations and verdict." (quoting Keen v. Commonwealth, 24 Va. App. 795, 807, 485 S.E.2d 659, 665 (1997))).

There is no question that the instant case involves flight from a lawful traffic stop. The evidence of flight is abundant, and the appellant does not challenge it. The question is whether the flight instruction, a correct statement of the law generally, was appropriate in the context of the charged offense and the facts of this case. The single offense being tried was eluding a law enforcement officer. See Code § 46.2-817. An element of the offense is that the appellant fled from the traffic stop in a dangerous manner. Id. Accordingly, the language of the flight instruction must be reviewed in the context of the case and in conjunction with the other instructions to determine whether it was confusing for the jury or unduly emphasized a particular part of the evidence.

The only other instruction addressing flight is the finding instruction that details the elements of the offense and precisely what the Commonwealth was required to prove. This finding instruction told the jury that in order to prove the offense of disregarding a signal by a law enforcement officer to stop, the Commonwealth was required to prove beyond a reasonable doubt that the defendant drove his vehicle in "willful and wanton disregard" of the signal. The relevant additional language of the separate flight instruction told the jury that "[i]f a person flees to avoid . . . apprehension or arrest, this creates no presumption that the person is guilty of having committed the crime. However, it is a circumstance which you may consider along with the other evidence." In this case, the defendant's flight from the law enforcement officer was the same act that constituted his disregard of the officer's signal to stop.

We hold that the inclusion of the flight instruction was inappropriate in the context of the charged offense, the burden of proof, the facts of this case, and the finding instruction. See, e.g.,

- 6 -

Turman, 276 Va. at 564-65, 667 S.E.2d at 770 ("An attempt to escape or evade prosecution is not to be regarded as a part of the *res gestae*, but only as a circumstance to be considered by the jury along with the other facts and circumstances tending to establish the guilt of the accused." (quoting Anderson, 100 Va. at 863, 42 S.E. at 865)). Unlike the instance in which a defendant flees from the scene of a crime, here the appellant's flight was part-and-parcel of the crime itself. See, e.g., Gray v. Commonwealth, 50 Va. App. 513, 517, 651 S.E.2d 400, 402 (2007) (holding that the defendant's "flight from the police in violation of their signals to stop was a new crime committed after the initial, unsuccessful attempt to detain him").

The jury was required to determine whether the Commonwealth proved that the appellant ignored the officer's command to stop and drove his vehicle away in a willful and wanton disregard of the command, *i.e.*, that he fled from the officer. As a result, the additional instruction that flight is merely a circumstance which the jury could consider along with other evidence likely was confusing for the jury with regard to the element of flight. See generally Mouberry, 39 Va. App. at 582, 575 S.E.2d at 569 (explaining that the trial court should not give a confusing or misleading jury instruction). At the same time, the flight instruction improperly "single[d] out for emphasis a part of the evidence tending to establish a particular fact." Terry, 5 Va. App. at 170, 360 S.E.2d at 882 (quoting Woods, 171 Va. at 548, 199 S.E. at 467). Consequently, we hold that the trial court abused its discretion by giving the flight instruction.

However, our conclusion that the trial court erred does not end our analysis. Virginia law requires that in all criminal cases in which the appellate court finds that error occurred in the trial court, it must consider whether the error was harmless. Ferguson v. Commonwealth, 240 Va. ix, ix, 396 S.E.2d 675, 675 (1990) (citing Code § 8.01-678). There are two distinct tests for determining harmless error. One applies when the claim involves constitutional error and the other when it involves non-constitutional error. See Gregory v. Commonwealth, 64 Va. App. 87, 96-97, 764

- 7 -

S.E.2d 732, 736-37 (2014). In this case, the assignment of error makes clear that the challenge involves the propriety of the flight instruction. Therefore, the non-constitutional standard applies. See Turman, 276 Va. at 567, 667 S.E.2d at 771; Velasquez v. Commonwealth, 276 Va. 326, 331 n.5, 661 S.E.2d 454, 457 n.5 (2008).

A non-constitutional error is harmless "[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached." Turman, 276 Va. at 567, 667 S.E.2d at 771 (quoting Code § 8.01-678). This Court may uphold a decision on the ground that any error involved is harmless only if it can conclude, without usurping the jury's fact-finding function, "that the error did not influence the jury[] or had but slight effect." Clay v. Commonwealth, 262 Va. 253, 260, 546 S.E.2d 728, 731 (2001) (quoting Kotteakos v. United States, 328 U.S. 750, 764 (1946)). If the Court "cannot say, with fair assurance, . . . that the judgment was not substantially swayed by the error, it is impossible to conclude that [the appellant's] substantial rights were not affected" and the conviction must be reversed. Id. at 260, 546 S.E.2d at 731-32 (quoting Kotteakos, 328 U.S. at 765). In considering harmless error, we examine the full context of the case under these well-established principles.

The appellant presented evidence challenging only the identity of the driver of his truck at the time of the stop and subsequent pursuit. None of the appellant's evidence disputed that the offender fled from the scene. The jury rejected the appellant's evidence that someone else was driving his truck in favor of the Commonwealth's evidence that he was the criminal actor. The officer saw him make a U-turn and drive past the officer at the onset of the pursuit. Officer Franz testified that he saw the appellant's face, and he identified the appellant as the driver. The jury accepted the officer's testimony and rejected the account provided by the appellant, who is a twelve-time convicted felon, his mother, and his fiancée. The flight instruction in no way impacted that evidence. Cf. Turman, 276 Va. at 566-68, 667 S.E.2d at 771-72 (finding the error was not

harmless where the flight instruction was an incorrect statement of law that suggested simply not being at the scene of a crime was flight and where witness credibility was at issue). Further, in order for the jury to have considered the circumstance of flight, they would first have had to conclude that the appellant was the person fleeing. Therefore, the jury would have had to find that the appellant was the driver, which was the precise issue disputed at trial.

While the flight instruction was improper in the context of the charged offense, it could not have influenced the jury in its determination of the disputed evidence as to who was driving the truck when the pursuit occurred and the offender eluded the officer. Consequently, we conclude that the appellant received a fair trial and the jury's verdict and the judgment were not substantially affected by the challenged flight instruction. See, e.g., Shifflett v. Commonwealth, 289 Va. 10, 12-14, 766 S.E.2d 906, 908-09 (2015) (holding that the non-constitutional error was harmless). In light of the evidence before the jury and the proper finding instruction, we hold that the trial court's error in granting the flight instruction was harmless because the result reached by the jury would not have been different if the instruction had been refused.

### III. CONCLUSION

For these reasons, we hold that the trial court erred by granting the challenged instruction. However, we conclude that error was harmless. Accordingly, we affirm the appellant's conviction for the felony of eluding police.

Affirmed.