COURT OF APPEALS OF VIRGINIA

Present: Judges Malveaux, Athey and Senior Judge Petty

DANNY EDWARD FERGUSON, III

MEMORANDUM OPINION*
v.      Record No. 1894-23-3              PER CURIAM
                                          APRIL 1, 2025
COMMONWEALTH OF VIRGINIA

FROM THE CIRCUIT COURT OF THE CITY OF LYNCHBURG
F. Patrick Yeatts, Judge

(Mark T. Stewart, on brief), for appellant.[1]

(Jason S. Miyares, Attorney General; Linda R. Scott, Senior
Assistant Attorney General, on brief), for appellee.

Danny Edward Ferguson ("Ferguson") appeals his conviction for defying a court order,

in violation of Code § 16.1-292. On appeal, Ferguson contends that the Circuit Court of the City

of Lynchburg ("circuit court") erred when it "failed to first make a threshold finding of fact with

respect to the reliability of the scientific method offered and the reliability of the particular HEM

[home electronic monitoring] device by a qualified expert witness." He also contends that the

circuit court erred when it allowed Nicki Rivers to testify about technical matters outside her

personal knowledge and when it admitted a photograph containing GPS plot points of

Ferguson's movements. Even if we assume that the circuit court erred, we find that any error

would be harmless. Thus, we affirm the circuit court's judgment.[2]

_____

* This opinion is not designated for publication. *See* Code § 17.1-413(A).

[1] Appellant filed a motion to seal his opening brief, which the panel unanimously grants.

[2] Having examined the briefs and record in this case, the panel unanimously holds that
oral argument is unnecessary because "the appeal is wholly without merit." Code
§ 17.1-403(ii)(a); Rule 5A:27(a).

## I. Background[3]

On March 28, 2023, the Lynchburg Juvenile and Domestic Relations District Court ("JDR court") sentenced Ferguson to a suspended commitment to the Department of Juvenile Justice for violating Code §§ 18.2-91 (statutory burglary) and 18.2-95 (grand larceny).[4] As a condition of suspending the commitment, the JDR court ordered Ferguson to remain on HEM for 60 days and further to comply with all services recommended by the Court Services Unit ("CSU").

On April 10, 2023, Ferguson's probation officer filed a petition alleging that Ferguson had violated the March 28, 2023 JDR court order. As a result, a detention order was issued for Ferguson by the JDR court. On May 22, 2023, the JDR court subsequently held that Ferguson had, in fact, violated its March 28, 2023 order and committed him to the Department of Juvenile Justice for an indeterminate period. Ferguson appealed to the circuit court.

During the hearing before the circuit court, Megan Neal ("Neal") testified that she was the juvenile probation officer with the CSU assigned to monitor Ferguson. She testified that on March 28, 2023, Ferguson was placed on HEM with Elite Watch for 60 days. Neal explained that Elite Watch is the HEM subcontractor and is responsible for connecting the GPS units, tracking coordinates, and conducting home checks. She further explained that Elite Watch sends

---

[3] We recite the facts "in the 'light most favorable' to the Commonwealth, the prevailing party in the trial court." *Hammer v. Commonwealth*, 74 Va. App. 225, 231 (2022) (quoting *Commonwealth v. Cady*, 300 Va. 325, 329 (2021)). Doing so requires that we "discard the evidence of the accused in conflict with that of the Commonwealth, and regard as true all the credible evidence favorable to the Commonwealth and all fair inferences to be drawn therefrom." *Cady*, 300 Va. at 329. Additionally, resolving this appeal requires unsealing certain sealed portions of the record and briefs. "To the extent that we mention facts found only in the sealed record, we unseal only those specific facts, finding them relevant to our decision in this case. The remainder of the previously sealed record remains sealed." *Minh Duy Du v. Commonwealth*, 292 Va. 555, 560 n.3 (2016).

[4] Ferguson failed to timely note his appeal of these underlying adjudications and thus they are not part of this appeal.

the probation office updates three times a week regarding whether the juvenile has complied with HEM. She added that if a violation occurs, Elite Watch notifies the probation office as soon as possible and that juveniles placed on HEM are required to remain at home unless Neal gives them permission to leave.

Here, on April 7, 2023, Elite Watch informed Neal that Ferguson had gone beyond the permissible boundary of 100 feet outside of his home between 1:30 a.m. and 2:00 a.m. on April 6, 2023. When Neal asked Ferguson if he had gone outside the HEM boundary on April 6, 2023, Ferguson admitted that his brother was in a vehicle across the street and that he had gone over to speak with him. Neal had not authorized Ferguson to leave his home between 1:30 a.m. and 2:00 a.m. on April 6, 2023.

An Elite Watch caseworker, Nicki Rivers ("Rivers"), also testified that on March 28, 2023, she met with Ferguson and his grandmother, Jackie Ferguson ("Jackie"), at the Lynchburg Detention Center. The trio discussed what HEM meant, the GPS device that would be attached to his ankle, and the rules associated with HEM. Rivers reviewed rule number six which "state[d] that unless otherwise noted . . . [Ferguson] would remain inside his residence at all times." Rivers testified that she emphasized this particular rule because Ferguson had issues complying with the rules when he had been on HEM previously. Both Ferguson and Jackie signed the contract acknowledging that they understood the terms and conditions of HEM. Rivers further testified that GPS monitoring information from Elite Watch indicated that Ferguson was across the street and outside the HEM boundary from 1:30 a.m. until 2:00 a.m. on April 6, 2023.

Ferguson objected to the admissibility of the GPS data on the basis of reliability. He argued that the trial court must first make a threshold finding that the scientific method offered is reliable and that finding required the testimony of an expert witness. Ferguson contended that

Rivers could not provide the technical testimony necessary for the court to make the threshold finding. The court took Ferguson's objection under advisement, believing the objection was premature.

Rivers testified that Elite Watch was a private firm that contracted with the state to provide HEM service to individuals. Rivers stated that Elite Watch works with a company called BI Technology, which compiles the technical data and alerts Elite Watch when an individual is outside his HEM boundary. Rivers noted that she can log into BI Technology's computer system and watch individuals in real time. The HEM unit consists of a GPS tracker, an anti-tampering system, a motion sensor, and a battery to charge the device that is strapped onto the wearer's ankle. The unit triangulates between 3 types of devices: satellites, cell phone towers, and open WiFi, and has 95% accuracy within 30 feet and 100% accuracy outside 30 feet.

Rivers added that in Ferguson's case, BI Technology calibrated Ferguson's HEM unit before Rivers placed it on Ferguson's ankle. At the detention center, Rivers checked the unit for any signs of damage and ensured that the unit was accurately transmitting its location so that Ferguson would not violate the conditions of HEM as long as he remained within the 100-foot boundary outside his house. Rivers observed Ferguson's locations between March 28, 2023, and April 6, 2023. On April 6, 2023, Ferguson's GPS was 83 feet beyond the HEM boundary.

The circuit court overruled Ferguson's objection to the GPS units' accuracy and Rivers's testimony. The court then admitted photographs that depicted Ferguson's HEM GPS plot points on April 6, 2023.

Jackie testified in Ferguson's defense. She admitted that she was present when Rivers put the HEM device on Ferguson's ankle and that she had signed the contract with Elite Watch. At first, Jackie said she could not recall discussing what Ferguson was permitted and prohibited from doing with Rivers. Later, she remembered that Ferguson could not walk the dog because

he would be outside his HEM boundary. When Jackie learned that Ferguson may have violated the court order and left the home without permission, she asked him about it. At first, Ferguson denied leaving the home but later admitted that he had gone to see the woman who lived across the street but her home was vacant. Then his brother arrived and Ferguson talked with him while across the street.

Following closing arguments from counsel, the circuit court found that Ferguson had violated the March 28, 2023 JDR court order. In finding Ferguson violated the March 28, 2023 order, the circuit court noted that

> [w]e're talking a whole lot about the accuracy of these devices and how accurate they are but ultimately, what is not in dispute is he's admitted to no less than two people that he was at another home across the street which is . . . more than sufficient to find him guilty of the violation.

The circuit court sentenced Ferguson to commitment at the Department of Juvenile Justice for an indefinite period. Ferguson appealed.

## II. ANALYSIS

On appeal, Ferguson contends that the circuit court erred when it failed to make a threshold finding that the GPS information that the Commonwealth introduced was reliable. He also asserts that the circuit court erred when it allowed Rivers to testify about how the HEM device functioned and in admitting a photograph of GPS data that purported to show Ferguson's movements. Assuming without deciding that the circuit court erred when it admitted the challenged testimony and evidence, we find any error in those rulings was harmless.

"[I]n determining whether an error is harmless, 'we must review the record and the evidence and evaluate the effect the error may have had on how the finder of fact resolved the contested issues.'" *Becker v. Commonwealth*, 64 Va. App. 481, 497 (2015) (quoting *Lavinder v. Commonwealth*, 12 Va. App. 1003, 1007 (1991) (en banc)). "A non-constitutional error is harmless

when 'it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" *Davis v. Commonwealth*, 79 Va. App. 123, 146 (2023) (quoting Code § 8.01-678). "This Court may uphold a decision on the ground that any error involved is harmless only if it can conclude, without usurping the jury's fact-finding function, 'that the error did not influence the jury[] or had but slight effect.'" *Id.* (alteration in original) (quoting *Graves v. Commonwealth*, 65 Va. App. 702, 712 (2016)).

Here, the record reflects that on March 28, 2023, the JDR court sentenced Ferguson to 60 days of HEM. The terms of his HEM detention required that he remain inside his residence at all times except to attend school. Any other schedule change had to first be approved by Neal. Notwithstanding, Ferguson admitted to both his grandmother and Neal that he left his home on April 6, 2023, and was across the street looking at the vacant home and talking to his brother. Neal did not approve Ferguson leaving his home on April 6, 2023. Indeed, the circuit court noted that Ferguson "admitted to no less than two people that he was at another home across the street" and that this was "more than sufficient to find him guilty" of violating Code § 16.1-292. Thus, the circuit court did not rely on the GPS information, Rivers's testimony, or the photograph of the GPS data in finding the evidence sufficient to support Ferguson's violation of the JDR court order.

Based on Ferguson's admission, a reasonable fact finder could have concluded that Ferguson violated the March 28, 2023 JDR court order without any reference to the GPS data. Thus, any error in considering the challenged testimony or evidence had "but slight effect." *Commonwealth v. Kilpatrick*, 301 Va. 214, 216 (2022) (quoting *Clay v. Commonwealth*, 262 Va. 253, 260 (2001)). Accordingly, we need not consider the potential merits of Ferguson's arguments on appeal concerning the admissibility of testimony and evidence. *See Dietz v. Commonwealth*, 294 Va. 123, 134 (2017) (noting that an appellate court decides cases on "the

best and narrowest grounds available" (quoting *Commonwealth v. White*, 293 Va. 411, 419 (2017))).

## III. CONCLUSION

For the foregoing reasons, the circuit court's judgment is affirmed.

*Affirmed.*